IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff,**

vs.                                                                **No. CR 03-1325 RB/BB**

**JUAN MEDELLIN-HERRERA,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on the Government's Motion to Withdraw the Plea Agreement (Doc. 12), filed September 24, 2003. Having reviewed the submissions of the parties and the relevant law, the Court finds that the motion is not well-taken and should be denied.

**I. Background.**

On April 15, 2003, the defendant, Juan Medellin-Herrera (hereinafter Mr. Herrera), was arrested and charged by indictment with aiding and abetting a burglary in violation of 8 U.S.C. § 1326(a)(1) & (2), and 8 U.S.C. § 1326(b)(2). (Doc. 8) On July 16, 2003, Mr. Herrera entered into a Rule 11(c)(1)(C) plea agreement with the Government. (Doc. 10) Thereafter, the Government moved to withdraw the plea agreement. (Doc. 12) The Government erroneously stipulated to the wrong offense level. *Id*. The correct offense level for Mr. Herrera should have been twenty-one. *Id*.

**II. Analysis.**

The Government argues recent changes in the Federal Rules of Criminal Procedure liberalize the withdrawal of guilty pleas. Specifically, the Government argues that, pursuant to Rule 11(d), the Government as well as defendants may withdraw a plea agreement. I disagree.

Rule 11(d) relates exclusively to defendants.  It states in pertinent part that "a ***defendant*** may withdraw a plea of guilty or nolo contendere:  (1) before the court accepts the plea, for any reason or no reason; or (2) after the court accepts the plea, but before it imposes sentence. . . .; and (3) the defendant can show a fair and just reason for requesting the withdrawal."  FED. R. CRIM. P. 11(d) (emphasis added).  Neither Rule 11(d) nor any other provision of the Federal Rules of Criminal Procedure authorizes the withdrawal by the Government from a plea agreement because of the Government's unilateral mistake.  *See United States v. Partida-Parra*, 859 F.2d 629 (9th Cir. 1988); *United States v. Cruz*, 709 F.2d 111 (1st Cir. 1983).

In *Partida-Parra*, the defendant plead guilty to a misdemeanor charge of possession of heroin and the court accepted the plea.  The Government later moved to withdraw the plea agreement because of a clerical error charging the defendant with a misdemeanor rather than a felony.  The district court agreed with the Government and set aside the plea agreement.  The defendant was then tried and convicted of the original charges.  Defendant then appealed and alleged that the district court abused its discretion by setting aside his guilty plea to the lesser charge after the plea had been accepted.  The Ninth Circuit agreed and reversed, holding that the district court was without authority to set aside the guilty plea because the only exception to strict adherence to acceptance of a guilty plea was for fraud on the court.  *Partida-Parra*, 859 F.2d at 629.

Likewise, in *Cruz*, the defendant entered into a plea agreement which the district court accepted.  At sentencing, two months later, the court reversed itself by rejecting the plea agreement.  The court found the misdemeanor charge and recommendation too lenient in light of the pre-sentence report and the sentences received by defendant's co-defendants.  The case was set for trial on the original  indictment and the defendant filed an interlocutory appeal.

2

The First Circuit reversed and reinstated the defendant's guilty plea to the misdemeanor. The First Circuit noted "[o]nce the court accepted the agreement, thereby binding the defendant and prosecution, it could not simply change its mind on the basis of information in the pre-sentence report, at least where that information revealed less than fraud on the court." *Id.* at 114-15.

I recognize that *Partida-Parra* and *Cruz* were both decided under Rule 32(e) which was recently amended and incorporated into Rule 11(d). The Government argues that the new Rule 11(d) reflects a very liberal view a court should take in considering whether to allow the withdrawal of a guilty plea. (Doc. 12, at 6)  I conclude, however, that because the Supreme Court, pursuant to 28 U.S.C. § 2072, chose not to include a provision that would allow the Government to withdraw a plea agreement within Rule 11(d), in light of *Partida-Parra* and *Cruz*, the Government's argument is not persuasive.

I, therefore, find no reasons why the same rule in *Partida-Parra* and *Cruz* should not apply here. The Government does not argue that Mr. Herrera has perpetrated a fraud upon the Court when he entered into the plea agreement. (Doc. 12)  The Government also does not claim it was unaware of Mr. Herrera's prior conviction or the nature thereof, as alleged in the indictment and information. *Id.*  As a result, there is no basis to warrant the withdrawal of the plea agreement.

Moreover, plea agreements are typically governed by contract principles. *United States v. Massey,* 997 F.2d 823, 824 (10th Cir. 1993).  As such, when a plea agreement is based upon any significant promise or agreement by the Government, as part of the inducement or consideration, such promise must be fulfilled. *Santobello v. New York*, 404 U.S. 257, 262 (1971).  Further, "[i]t is critical that the government stand by its agreement . . . in order to encourage plea bargaining."

*United States v. Cooper*, 70 F.3d 563, 567 (10th Cir. 1995).  When a plea agreement is made with full knowledge of the facts at hand, the agreement must be adhered to by the Government in order to ensure integrity within the plea.  *United States v. Hawley*, 93 F.3d 682 (10th Cir. 1996).   Plea bargains, like contracts, cannot normally be unilaterally broken without consequence.  *United States v. Calabrese*, 645 F.2d 1379, 1390 (10th Cir. 1981).

In the instant case, Mr. Herrera relied on the Government's promise to enter into a plea agreement that stipulated to an offense level of twelve.  (Doc. 13)  In exchange, Mr. Herrera waived his right to file a downward departure and to file an appeal.  *Id.*  Mr. Herrera also waived his rights under the Speedy Trial Act.  *Id.*  Accordingly, the Government must now abide by the terms of the plea agreement.

### III.  Conclusion.

Rule 11(d) of the Federal Rules of Criminal Procedure is not applicable to the Government.  There are no Federal Rules of Criminal Procedure that authorize a district court to set aside a defendant's guilty plea on the Government's motion without some showing of fraud.  No allegations of fraud have been advanced.  There is also no basis in contract law to allow the Government to rescind its plea agreement.  I will, therefore, deny the Government's motion to withdraw the plea agreement.

**WHEREFORE,  IT IS ORDERED** that the Government's Motion to Withdraw the Plea  Agreement (Doc. 12), filed September 24, 2003, is **DENIED.**

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**